

**CLERK, U.S. BANKRUPTCY COURT**
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 9, 2024**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No. 18-30264-SGJ-11** |
| **ACIS CAPITAL MANAGEMENT, L.P. and** | § | **Case No. 18-30265-SGJ-11** |
| **ACIS CAPITAL MANAGEMENT GP, LLC,** | § | |
| | § | **(Jointly Administered Under** |
| Reorganized Debtors. | § | **Case No. 18-30264-SGJ-11)** |

_____

| | | |
|---|---|---|
| **ACIS CAPITAL MANAGEMENT, L.P. and** | § | |
| **ACIS CAPITAL MANAGEMENT GP, LLC,** | § | |
| **Reorganized Debtors,** | § | |
| | § | **Adversary No. 20-03060-SGJ** |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, et al.,** | § | **Civil Action No. 3:24-cv-02036-N** |
| | § | |
| Defendants. | § | |

_____

**REPORT AND RECOMMENDATION TO THE DISTRICT COURT
TRANSMITTING STIPULATION OF THE PARTIES REGARDING DEFENDANT'S
MOTION TO WITHDRAW THE REFERENCE**

The above-referenced action ("Action") pertains to the jointly administered bankruptcy cases ("Bankruptcy Cases") of: (a) Acis Capital Management, L.P. ("Acis LP"); and (b) Acis Capital Management GP, LLC ("Acis GP").  These entities are sometimes collectively referred to herein as "Acis" or the "Debtors" or—when referencing a time period after January 31, 2019—the "Reorganized Acis" or the "Reorganized Debtors."

By way of background, involuntary bankruptcy cases were commenced against Acis on January 30, 2018 ("Petition Date").  An Order for Relief was entered on April 13, 2018.  A chapter 11 plan of reorganization ("Acis Plan"), which was proposed by a Chapter 11 Trustee, was confirmed on January 31, 2019.[1]

Post-confirmation, on April 11, 2020, the Reorganized Acis filed a complaint initiating this Action.  The Action, as originally cast, asserted 12 separate causes of action—mostly in the nature of breach of fiduciary duty (and aiding and abetting of same), along with a count alleging section 362 automatic stay violations and a request for section 542 turnover relief.  There were initially 11 defendants in the Current Action, including the former President of Acis, Mr. James Dondero ("Dondero").  The overriding theme of this Action is that the 11 defendants—all of whom were associated in one way or another with Highland Capital Management, L.P. ("Highland")—had a role in systematically denuding Acis of its assets, to the detriment of its creditors (particularly, one creditor, Joshua Terry). Over time, the Reorganized Acis reached settlements with, or otherwise chose not to pursue, all but three of the 11 defendants—with the three, remaining defendants being Dondero, Mr. Grant Scott ("Scott"), and CLO HoldCo, Ltd. The Reorganized Acis informed the Bankruptcy Court in October 2021 that: "This case now only concerns Dondero's efforts to

---

[1] *Findings of Fact, Conclusions of Law, and Order Granting Final Approval of Disclosure Statement and Confirming the Third Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC, as Modified* [Bankr. Case Dkt. No. 829].

fraudulently transfer Acis' assets away from Acis and [Grant] Scott and CLO Holdco [Ltd.]'s involvement therewith." Acis' Motion for New Scheduling Order, Docket No. 56 at 4.

After a long period of abatement, on February 2, 2024, the Reorganized Acis filed its first amended complaint ("Live Complaint") in this Action. On February 16, 2024, Dondero filed a Motion to Dismiss Plaintiffs' alter ego (Count 3) and fraudulent transfer (Count 5) causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6), and a hearing ("Hearing") was held on the Motion to Dismiss on June 12, 2024. Plaintiffs filed a post-hearing brief on July 1, 2024 for the purpose of identifying additional case law in support of their positions regarding two issues that arose in the context of oral argument.[2] On July 12, 2024, Dondero filed a response to the Supplemental Brief[3] in which he provided his own extensive supplemental briefing regarding the issues and case law briefed by the Plaintiffs in their Supplemental Brief. The Motion to Dismiss is currently before the Bankruptcy Court for consideration. The Bankruptcy Court expects to have a proposed ruling issued on the Motion to Dismiss in the next few days.

Meanwhile, on August 2, 2024, Dondero filed a motion to withdraw the reference ("Motion to Withdraw the Reference")[4] and supporting brief ("Brief in Support of Motion to Withdraw the Reference")[5] in which Dondero seeks withdrawal of the reference by the District Court because the Bankruptcy Court lacks constitutional authority, under *Stern v. Marshall*,[6] to conduct a jury trial (which Dondero has requested) or to enter final judgments (absent Dondero's consent, which he does not give) with respect to Plaintiffs' claims against Dondero ("Dondero Claims") and because the Dondero Claims are subject to both mandatory and permissive withdrawal of the

---

[2] *See Plaintiff's Supplemental Brief Regarding Pending Motion to Dismiss* ("Supplemental Brief"), Dkt. No. 129.

[3] Dkt. No. 132.

[4] Dkt. No. 137. The bankruptcy clerk transmitted the Motion to Withdraw the Reference to the District Court on August 9, 2024, which was assigned Civil Action No. 3:24-cv-02036-N (Chief Judge David Godbey).

[5] Dkt. No. 138.

[6] 564 U.S. 462 (2011).

reference pursuant to 28 U.S.C. § 157(d).  If the reference is not withdrawn by the District Court, Dondero argues that the Bankruptcy Court should abstain from exercising jurisdiction under the permissive abstention provisions of 28 U.S.C. § 1334.  Finally, Dondero argues that, if the District Court does not withdraw the reference or the Bankruptcy Court does not abstain, the Dondero Claims must be dismissed for lack of subject matter jurisdiction, arguing that "the Dondero Claims . . . lack the required nexus with the Plan that would bring them within the narrow scope of the Bankruptcy Court's post-petition, post-confirmation subject-matter jurisdiction"[7] in that "they do not pertain to the implementation or execution of Acis's Plan."[8]

Dondero filed in the Bankruptcy Court that same day a motion for summary judgment ("Dondero MSJ")[9] and brief in support[10] in which he seeks a report and recommendation from the Bankruptcy Court to the District Court that it grant his motion for summary judgment with respect to the counts against him in this Adversary Proceeding that are not the subject of the pending Motion to Dismiss – Counts 1 and 2 (breach of fiduciary duty) and Count 6 (willful violation of the automatic stay).[11]  Scott filed a motion for summary judgment ("Scott MSJ") on August 9, 2024.

On August 29, 2024, Dondero, Scott and the remaining defendant in this Adversary Proceeding, CLO HoldCo, Ltd., entered into a *Joint Stipulation Regarding Motion to Withdraw the Reference* ("Joint Stipulation")[12] with the Plaintiffs, in which the parties stipulated and agreed that (i) the reference should be withdrawn once the case is certified by the Bankruptcy Court as ready for trial; (ii) Dondero's requests in the Motion to Withdraw the Reference that the

---

[7] Brief in Support of Motion to Withdraw the Reference ¶ 42.

[8] Brief in Support of Motion to Withdraw the Reference ¶ 44.

[9] Dkt. No. 139.

[10] Dkt. No. 140.

[11] MSJ 1-2.

[12] The Joint Stipulation is being transmitted to the District Court as an attachment to this Report and Recommendation.

Bankruptcy Court abstain and that the Dondero Claims be dismissed for lack of subject matter jurisdiction, are withdrawn; and (iii) "[s]ubject to the Bankruptcy Court's report and recommendations on pending dispositive motions [the instant Motion to Dismiss and the Dondero MSJ] all other pretrial filings needed for the Bankruptcy Court to certify the case ready for trial will be filed by the parties on or before October 18, 2024."  Due to the stipulation of the parties, the Bankruptcy Court cancelled the status conference on the Motion to Withdraw the Reference, and informed the parties that it would be transmitting the stipulation in a report and recommendation to the District Court.

Accordingly, the Bankruptcy Court hereby transmits the Joint Stipulation (as an attachment to this Report and Recommendation) and recommends that the District Court refer all pre-trial matters to the Bankruptcy Court and grant the Motion to Withdraw the Reference upon certification by the Bankruptcy Court that the parties are trial ready.  With regard to such pre-trial matters, the Bankruptcy Court further recommends that, to the extent a dispositive motion is brought that the Bankruptcy Court determines should be granted and would finally dispose of claims in this Adversary Proceeding, the Bankruptcy Court should submit a report and recommendation to the District Court for the District Court to either adopt or reject.[13]

---

[13] This would include the currently pending Motion to Dismiss, the Dondero MSJ, and the Scott MSJ (even though the Scott MSJ was not mentioned in the Joint Stipulation filed by all of the parties regarding Dondero's Motion to Withdraw the Reference).

### IN THE UNITED STATE BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | § | **Case No. 18-30264-SGJ-11** |
| | § | **Case No. 18-30265-SGJ-11** |
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | **(Jointly Administered Under Case** |
| **LLC,** | § | **No. 18-30264-SGJ-11)** |
| | § | |
| Debtors. | § | **Chapter 11** |
| | | |
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | |
| **LLC, Reorganized Debtors,** | § | |
| | § | |
| **Plaintiffs,** | § | **Adversary No. 20-03060-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, FRANK** | § | |
| **WATERHOUSE, SCOTT ELLINGTON,** | § | |
| **HUNTER COVITZ, ISAAC LEVENTON,** | § | |
| **JEAN PAUL SEVILLA, THOMAS** | § | |
| **SURGENT, GRANT SCOTT, HEATHER** | § | |
| **BESTWICK, WILLIAM SCOTT, AND** | § | |
| **CLO HOLDCO, LTD.,** | § | |
| | § | |
| **Defendants.** | § | |

## JOINT STIPULATION REGARDING MOTION TO WITHDRAW THE REFERENCE

Acis Capital Management, L.P., and Acis Capital Management GP, LLC ("Plaintiffs") and

James Dondero, Grant Scott, and CLO HoldCo, Ltd. ("Defendants") file this *Joint Stipulation*

*Regarding Defendant's Motion to Withdraw the Reference* stipulating to Defendant James

Dondero's Motion to Withdraw the Reference [Dkt. 137 and 138] and would show the Court as

follows:

1

1.     In his Answer to Original Complaint [Dkt. 19] at paragraphs 5 and 205, Mr. Dondero expressly stated that he does not consent to the entry of final orders or judgments by the Bankruptcy Court and requested a jury trial.

2.     On August 2, 2024, Mr. Dondero filed his Motion to Withdraw the Reference and Brief in Support thereof [Dkt. 137 and 138].

3.     The parties hereby stipulate and agree as follows:

    i.     That the reference should be withdrawn once the case is certified by the Bankruptcy Court as ready for trial;

    ii.     The other requests for relief in ECF 137, including the requests for abstention and dismissal for lack of subject matter jurisdiction, are hereby withdrawn by Mr. Dondero; and

    iii.     Subject to the Bankruptcy Court's report and recommendations on pending dispositive motions [Dkt. 115, 116, 139 and 140] all other pretrial filings needed for the Bankruptcy Court to certify the case ready for trial will be filed by the parties on or before October 18, 2024.

4.     Aside from the parties' agreement contained herein that the reference should be withdrawn once the case is certified by the Bankruptcy Court as being ready for trial, the parties reserve all rights regarding which claims shall be tried to a jury and which claims shall be tried to the District Court.

Respectfully submitted,

| **CRAWFORD, WISHNEW & LANG PLLC** | **AHMAD, ZAVITSANOS & MENSING, PLLC** |
|---|---|
| By: */s/ Michael J. Lang*<br>Michael J. Lang<br>Texas State Bar No. 24036944<br>mlang@cwl.law<br>Alexandra Ohlinger | */s/ Shawn M. Bates*<br>Joseph Y. Ahmad<br>Texas Bar No. 00941100<br>Federal Bar No. 11604<br>Shawn M. Bates |

| | |
|---|---|
| Texas State Bar No. 24091423<br>aohlinger@cwl.law<br>Haleigh Jones<br>Texas State Bar No. 24097899<br>hjones@cwl.law<br>1700 Pacific Ave, Suite 2390<br>Dallas, Texas 75201<br>Telephone: (214) 817-4500<br>*Counsel for Defendant James Dondero* | Texas Bar No. 24027287<br>Federal Bar No. 30758<br>Thomas Cooke<br>Texas Bar No. 24124818<br>Federal Bar No. 3837479<br>1221 McKinney St. Suite 2500<br>Houston, Texas 77010<br>(713) 655-1101 Telephone<br>(713) 655-0062 Facsimile<br>joeahmad@azalaw.com<br>sbates@azalaw.com<br>tcooke@azalaw.com |
| **FRIEDMAN & FEIGER, LLP**<br><br>/s/ Ryan K. Lurich<br>Ryan K. Lurich<br>State Bar No. 24013070<br>rlurich@fflawoffice.com<br>Seymour Roberts, Jr.<br>State Bar No. 17019150<br>sroberts@fflawoffice.com<br>Dominion Plaza West<br>17304 Present Road, Suite 300<br>Dallas, Texas 75252<br>(972) 788-1400 (Telephone)<br>(972) 788-2667 (Telecopier)<br>**ATTORNEYS FOR GRANT SCOTT** | **KELLY HART PITRE**<br><br>*/s/ Louis M. Phillips*<br>Louis M. Phillips (#10505)<br>One American Place<br>301 Main Street, Suite 1600<br>Baton Rouge, LA 70801-1916<br>Telephone: (225) 381-9643<br>Facsimile: (225) 336-9763<br>Email: louis.phillips@kellyhart.com<br>Amelia L. Hurt (LA #36817, TX #24092553)<br>400 Poydras Street, Suite 1812<br>New Orleans, LA 70130<br>Telephone: (504) 522-1812<br>Facsimile: (504) 522-1813<br>Email: amelia.hurt@kellyhart.com<br><br>and<br><br>**KELLY HART & HALLMAN**<br>Hugh G. Connor II<br>State Bar No. 00787272<br>hugh.connor@kellyhart.com<br>Michael D. Anderson<br>State Bar No. 24031699<br>michael.anderson@kellyhart.com<br>Katherine T. Hopkins<br>Texas Bar No. 24070737<br>katherine.hopkins@kellyhart.com<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102<br>Telephone: (817) 332-2500 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2024, a true and correct copy of the foregoing document was served by electronic transmission via email.

/s/Shawn Bates
Shawn M. Bates