IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Bank. Case No. 18-30264-sgj11 |
| ACIS CAPITAL MANAGEMENT LP, | § | Adv. No. 20-03060-sgj |
| *et al.*, | § | |
| | § | |
|     Debtors, | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT LP, | § | |
| *et al.*, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-02036-N |
| | § | |
| JAMES DONDERO, *et al.*, | § | |
| | § | |
|     Defendants. | § | |

## **ORDER**

This Order addresses Plaintiffs Acis Capital Management LP's and Acis Capital Management GP, LLC's (collectively, "Acis") objection to the Bankruptcy Court's report and recommendation [16]. Upon consideration of Acis's objection and Dondero's response [17], the Court adopts the Report and Recommendation of the Bankruptcy Court [15-1] and dismisses all remaining claims against Dondero with prejudice because the doctrine of claim preclusion applies.

"The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment

in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* As to the first element, "privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

In a prior order, this Court adopted the report and recommendation of the Bankruptcy Court and dismissed counts 3 and 5 against Dondero on the basis of claim preclusion. *See* Order, Jan. 6, 2025 [13]. In that order the Court concluded that Dondero and Highland were in privity with each other for the purposes of claim preclusion. *Id.* at 3. It also determined that the claims at issue in this litigation were the "same" claims that could have been brought in Acis's prior adversary action against Highland ("Prior Acis Action"). *Id.* at 3–4.

The Bankruptcy Court now recommends that the three remaining claims against Dondero be dismissed on the same basis — that they are barred by claim preclusion. This Court agrees. First, the Court sees no reason to depart from its previous determination that the Highland–Dondero relationship established privity. Acis mostly repeats arguments the Court rejected in its prior order. But Acis now also argues that the restrictions on preclusion by adequate representation elaborated in *Taylor v. Sturgell*, 553 U.S. 880, 900–901 (2008), prevent the application of preclusion in this case. Pl.'s Br. 12 [16-2]. However, the Court in *Taylor* described five other bases on which nonparty preclusion can rest,

ORDER – PAGE 2

including "a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment." *Taylor*, 553 U.S. at 894 (cleaned up). Alter ego is a pre-existing legal relationship that the Fifth Circuit has concluded can establish privity. *See Dudley v. Smith*, 504 F.2d 979, 982 (5th Cir. 1974) ("A stockholder may be in privity with his corporation . . . such that a judgment against the latter is res judicata as to the former, if the two are found to be alter egos."). Accordingly, *Taylor* does not restrict the application of preclusion in this case.

Second, the Court sees no reason to depart from its previous determination that the claims at issue in this case are the "same" claims that could have been brought in the Prior Acis Action. On this point, Acis repeats its argument that the Bankruptcy Court's pre-dismissal orders approving the settlement caused Acis's claims against Dondero to survive the subsequent dismissals with prejudice. However, for a settlement agreement to alter the preclusive effect of a judgment, that agreement, or any express reservations, must be incorporated directly into the language of the final judgment. *Seven Networks, LLC v. Motorola Mobility LLC*, 2022 WL 426589, at *3 (N.D. Tex. 2022) (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402–03 (5th Cir. 2009)). Here, the language of the dismissals with prejudice in the Prior Acis Action neither incorporated the settlement agreement nor expressly reserved Acis's claims against Dondero. *See* Adversary No. 18-03078, Dkt. 216, 224. Accordingly, the preclusive effect of the dismissals with prejudice is not affected by the settlement agreement.

Because the doctrine of claim preclusion applies, the Court adopts the Bankruptcy Court's report and recommendation and grants Dondero's motion for judgment on the

ORDER – PAGE 3

pleadings and supplemental motion for summary judgment. The three remaining claims against Dondero are dismissed with prejudice.

Signed April 23, 2025.

David C. Godbey
Chief United States District Judge