**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Bank. Case No.: 18-30264-sgj11 |
| | § | Adv. No. 20-03060-sgj |
| ACIS CAPITAL MANAGEMENT LP, *et al.* | § § | |
| Debtors, | § § | |
| ACIS CAPITAL MANAGEMENT LP, *et al.* | § § | Civil Action No. 3:24-cv-02036-N |
| Plaintiffs, | § § | |
| v. | § § | |
| JAMES DONDERO, *et al.*, | § § | |
| *Defendants.* | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR RULE 54(b) JUDGMENT AND MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL**

Plaintiff seeks to appeal this Court's dismissals of claims against James Dondero. In two orders, entered on January 6 and April 23, 2025, the Court disposed all of Plaintiff's claims against Dondero on the same *res judicata* grounds. However, the judgments are not final because Plaintiff's claims against CLO HoldCo remain before the Court. Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff respectfully requests that the Court enter final judgment as to the dismissed Dondero claims so that the *res judicata* issue can be appealed. There is no just reason for delay; the Dondero claims form a natural package for appeal, and staying the CLO Holdco litigation while the appeal is pending will ensure that the same facts are not tried twice.

## I.     NATURE AND STAGE OF THE PROCEEDINGS

This case involves two defendants, James Dondero and CLO HoldCo, both of whom were involved in liquidating and transferring away Acis's assets in the same series of contested transactions giving rise to the lawsuit.[1] On October 15, 2024, the Bankruptcy Court recommended dismissal of two of Acis's claims against Dondero on the grounds that they were barred by *res judicata*, pointing to Dondero's relationship to certain entities (the "Highlands") that Acis had previously dismissed.[2] On January 6, 2025, this Court adopted the Bankruptcy Court's report and recommendation, dismissing both counts over Acis's objection.[3] Dondero moved to dismiss Acis's remaining claims based on the same *res judicata* theory,[4] and the Bankruptcy Court recommended granting the dismissal.[5] On April 23, 2025, this Court adopted the second report and recommendation, again over Acis's objection, and dismissed Acis' remaining claims against Dondero.[6] Now, all of Acis's claims against Dondero have been dismissed with prejudice. Acis's claims against CLO HoldCo remain pending before the Bankruptcy Court.

## II.     ARGUMENT AND AUTHORITIES

### A.     The Court Should Enter Final Judgment as to Acis's Dondero Claims Under Rule 54(b) so that Acis Can File an Appeal.

This Court's January 6 and April 23 Orders disposed of all Acis's claims against Dondero. However, a "dismissal of claims against some, but not all, parties is not a final appealable judgment unless, pursuant to Fed. R. Civ. P. 54(b), the district court determines that there is no just reason

---

[1] Adversary No. 20-03060, Dkt. 111, at 2-3.
[2] Adversary No. 20-03060, Dkt. 188.
[3] Case No. 3:24-cv-02036-N, Dkt. 13.
[4] Adversary No. 20-03060, Dkt. 210.
[5] Case No. 3:24-cv-02036-N, Dkt. 15-1.
[6] Case No. 3:24-cv-02036-N, Dkt. 18.

for delay and directs entry of judgment." *Fleming v. U.S.*, 162 Fed. Appx. 383, 385 (5th Cir. 2006). The dismissals of the Dondero claims involve a distinct issue—claim preclusion on an alter ego theory of privity—that is not at play in the remaining claims against CLO Holdco, making the Dondero claims a logical package for appeal. Additionally, making those claims appealable now will allow the parties to avoid litigating the same facts twice against each defendant.

The Supreme Court has outlined two "steps to be followed" when making a determination under Rule 54(b): (1) the judgment is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action"; and (2) the Court must find that there is no "just reason for delay" in entering the final judgment. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). Both steps of *Curtiss-Wright* are satisfied here. As to the first, there can be no doubt that the Court's dismissal with prejudice of each of Acis's claims against Dondero is an ultimate disposition of individual claims in a multiple-claims action.[7] As to the second, there is no "just reason for delay." To make this determination, the Supreme Court directs courts to consider "judicial administrative interests as well as the equities involved." *Id.* In weighing judicial administrative interests, courts in this Circuit routinely consider factors such as:

> (1) the relationship between the adjudicated and the unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and]
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Lexon Ins. Co. v. Chevron U.S.A. Inc.*, 2024 WL 3666257, at *2 (S.D. Tex. July 3, 2024).

---

[7] Case No. 3:24-cv-02036-N, Dkt. 13, at 4 (dismissing with prejudice Acis's Counts 3 & 5 against Dondero); Dkt. 18, at 4 (dismissing with prejudice Acis's remaining claims against Dondero).

[Commented [KW1]: Need the full cite]

Here, the adjudicated claims are all against the same party, James Dondero, and were all dismissed on the same res judicata grounds—namely the prior dismissals of Highland entities alleged to be the alter egos of Dondero. The remaining claims are all against a different defendant, CLO HoldCo, who is not alleged to be the alter ego of any of the Highland entities, and who has not raised a res judicata defense.[8] The dismissed claims involve several issues that will not be resolved by the CLO HoldCo litigation, including Dondero's duties and actions as President of Acis GP (Count 1), his duties and actions as President of Highland Capital (Count 2), his status as an alter ego (Count 3), and his violation of the bankruptcy automatic stay (Count 6).

Although there is some overlap between dismissed Count 5 and pending Counts 7 and 8, all of which involve Dondero's transfer of Acis's assets to CLO HoldCo, the existence of some overlapping factual matter does not render the claims inseparable. *See Piney Woods Country Life Sch. v. Shell Oil Co.*, 726 F.2d 225 (5th Cir. 1984) (holding that claims are not "inseparable" even if "[o]ne fact [] is relevant to several claims" and that "the district court acted wisely and in the interests of sound judicial administration in certifying" an appeal).

Accordingly, each *Lennox* factor favors entering final judgment on Acis's Dondero Claims. ***First***, the issues to be resolved on appeal are distinct and separable from the factual disputes pending against CLO HoldCo, favoring final judgment. ***Second***, the need for review is unlikely to be mooted in the litigation against CLO HoldCo, because numerous factual disputes about Dondero's conduct will remain unresolved no matter the outcome. ***Third***, the appellate court will not need to review the alter ego *res judicata* issue a second time because neither issue is involved in the CLO HoldCo litigation. ***Fourth***, set-off is not an issue because the judgment to be made final is a dismissal with prejudice, not an award of damages. ***Fifth***, making the judgment final now

---

[8] *See* Adversary No. 20-03060, Dkt. 118, at 15.

(rather than after a lengthy trial against CLO Holdco) will promote judicial economy by preventing duplicative litigation of the same facts in potentially two different trials (one against CLO Holdco and one against Dondero, if the appeal is successful).

    **B.**    **The Court Should Stay All Proceedings Against CLO Holdco Pending Appeal to Avoid Duplicative Proceedings.**

In addition to entering judgment as to the Dondero claims under Rule 54(b), the Court should stay the litigation between Acis and CLO Holdco pending the resolution of Acis's appeal. A Court is "within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals." *Greco v. Natl. Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015). A stay is proper when in the interest of the parties and conservation of judicial resources. *See id.*

Here, the factual matter alleged against CLO Holdco overlaps with the facts alleged against Dondero, especially on Counts 5, 7, and 8. Trying these facts against CLO Holdco before appealing the res judicata dismissal of Dondero could result in wastefully litigating the same facts twice. Therefore, to conserve the resources of the Court and the parties, the case should be stayed pending Acis's appeal.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter final judgment under Rule 54(b) of the Dondero claims and stay the claims against CLO Holdco pending resolution of the Dondero appeal.

Dated: May 5, 2025

Respectfully submitted,

*/s/ Shawn Bates*
AHMAD, ZAVITSANOS & MENSING, PLLC
Joseph Y. Ahmad
Texas Bar No. 00941100
Federal Bar No. 11604
Shawn M. Bates
Texas Bar No. 24027287
Federal Bar No. 30758
Thomas Cooke
Texas Bar No. 24124818
Federal Bar No. 3837479
Sean Healey
Texas Bar No. 24142997
Federal Bar No. pending
1221 McKinney St. Suite 2500
Houston, Texas 77010
(713) 655-1101 Telephone
(713) 655-0062 Facsimile
joeahmad@azalaw.com
sbates@azalaw.com
tcooke@azalaw.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that undersigned counsel conferred with opposing counsel concerning the relief sought in this Motion on May 5, 2025, and was advised that Defendants do not oppose this motion.

*/s/ Shawn Bates*
Shawn Bates

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2025, a true and correct copy of the foregoing was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this adversary proceeding.

*/s/ Sean Healey*
Sean Healey